GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. Bar No. 144524)
Assistant United States Attorney
Chief, Environmental Crimes Section
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Environmental Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4536/3359
    Facsimile:  (213) 894-6436
    E-mail:   joseph.johns@usdoj.gov
                  mark.a.williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR _____ |
| Plaintiff, | RULE 11(c)(1)(C) SPECIFIED SENTENCE PLEA AGREEMENT FOR DEFENDANT HOTELSAB DOWNTOWN EMPLOYEES LLC |
| v. | |
| HOTELSAB DOWNTOWN EMPLOYEES LLC, dba Standard Hotels, | [CLASS A MISDEMEANOR] |
| Defendant. | |

    1.  This constitutes the binding plea agreement between HOTELSAB DOWNTOWN EMPLOYEES LLC, doing business as Standard Hotels ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

2. The parties expressly agree that this Agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C). The USAO and defendant understand and agree that: (a) if the Court accepts this Agreement, the parties are bound by the terms of the Agreement; and (b) if the Court does not accept this Agreement, any party may withdraw from the Agreement and defendant may withdraw its plea of guilty. The parties request that the Court accept this Agreement at the time of the entry of the guilty plea.

## PLEA TO INFORMATION

3. Defendant agrees to plead guilty to a one-count misdemeanor information ("Information") in the form attached to this agreement or a substantially-similar form.

## CORPORATE AUTHORIZATION

4. Defendant represents that it is authorized to enter into this Agreement. On or before the date of entry of the Plea Agreement, defendant shall provide to the United States and the Court a notarized legal document certifying that defendant, a limited liability company, is authorized to enter into and comply with all of the provisions of this Plea Agreement. Such resolution(s) shall designate a company representative who is authorized to take the actions specified in this Plea Agreement, and shall also state that all legal formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

5. This Agreement shall bind defendant, its successor entities if any, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest").

Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this Agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this Agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

## NATURE OF THE OFFENSE

6. The parties stipulate and agree that under well-established principles of corporate liability and respondeat superior, as these principles apply in this case, defendant is liable for the actions of its agents and employees. New York Central and Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d 871, 877 (9th Cir. 1979); United States v. Hilton Hotels Corp., 467 F.2d 1000, 1004-07 (9th Cir. 1972).

7. In order for defendant to be guilty of the sole count of the Information, which charges a violation of 33 U.S.C. §§ 1311(a), 1319(c)(1)(A) (Negligent Discharge of Pollutants into Waters of the United States), the following must be true: (1) defendant negligently discharged pollutants, namely chlorine and muriatic acid; (2) from a point source, namely a storm drain; (3) into a tributary of waters of the United States; (4) without

a permit. Defendant admits that defendant is, in fact, guilty of this offense as described in the Information.

PENALTIES

8. The statutory maximum sentence that the Court can impose for a violation of 33 U.S.C. §§ 1311(a), 1319(c)(1)(A), is: a one-year term of imprisonment; a five-year term of probation or a one-year term of supervised release; a fine of not less than $2,500, but not more than $200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

PAYMENT OF FINE, COMMUNITY SERVICE, AND RESTITUTION

9. Defendant and the USAO agree that a criminal fine of $200,000 (two hundred thousand dollars) is appropriate in this case pursuant to United States Sentencing Guidelines section 5E1.2 and 18 U.S.C. § 3553(a). The criminal fine shall be paid in full by a cashier's check (or equivalent) immediately upon sentencing and shall be made payable to the Clerk of the United States District Court. In addition, the defendant and the USAO agree that defendant shall pay $150,000 (one hundred fifty thousand dollars) as a community service payment as set forth below in paragraphs 19 and 20.

10. Defendant understands and agrees that defendant will be required to pay full restitution to the Los Angeles County Fire Department Health Hazardous Materials Division and the City of Los Angeles Watershed Protection Division for costs incurred in responding to, sampling, cleaning up, and analyzing the discharge of the pollutants at issue in this matter. The parties agree that the applicable total amount of restitution is

$20,283.56 ($8,491.58 to the Fire Department, and $11,791.98 to the Watershed Protection Division). Defendant further agrees that defendant will not seek the discharge this obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to pay the restitution listed above immediately upon sentencing.

11. Defendant understands and agrees that any special assessments, restitution, costs, and fines imposed by the Court as a part of defendant's sentence are due and payable immediately upon sentencing.

## SUSPENSION/REVOCATION/DEBARMENT

12. Defendant understands that if defendant holds any regulatory licenses or permits, the convictions in this case may result in the suspension or revocation of those licenses and permits. By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.

## FACTUAL BASIS

13. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all

facts known to either party that relate to that conduct.

      a. The Standard Hotel in downtown Los Angeles, California ("the Standard Hotel"), is managed and operated by defendant. On or about January 18, 2009, a maintenance employee at the Standard Hotel negligently disposed of chlorine and muriatic acid that were located near the hotel's rooftop pool. Both of these chemicals were "pollutants" as that term is defined in the Clean Water Act ("CWA"). The maintenance employee accomplished the disposal by pumping both chemicals into the Standard Hotel's rooftop storm drain. At all relevant times, maintenance employee was acting within the course and scope of his employment.

      b. The rooftop storm drain at the Standard Hotel ultimately leads to the Los Angeles River, a tributary of the Pacific Ocean which is a "water of the United States" under the CWA.

      c. At no time did defendant, or any other person or entity, have a permit authorizing the disposal of the chlorine and muriatic acid into the storm drain at the Standard Hotel.

      d. The parties agree that nothing in this agreement shall affect the applicability of the CWA or the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq., to the actions taken by any employees of the Standard Hotel who were involved in the disposal discussed above.

## WAIVER OF CONSTITUTIONAL RIGHTS

14. By pleading guilty, defendant gives up the following rights:

      a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

  15. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established

under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

## SENTENCING AGREEMENT

16. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the USAO and defendant agree that a $200,000 criminal fine, a $150,000 community service payment, and restitution in the amount of $20,283.56 represent an appropriate sentence in this case. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2 and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct, defendant shall be sentenced as follows:

    a. Defendant shall pay a criminal fine of $200,000 as to the count of conviction. The criminal fine shall be paid by a cashier's check (or equivalent) payable to the Clerk of the United States District Court immediately upon sentencing.

    b. Defendant shall pay $150,000 for use in community service as provided below in paragraphs 19 and 20.

    c. Defendant agrees to pay to the Clerk of the

United States District Court on the date of sentencing (or as soon as the Court is able to accept the payment) the mandatory special assessment of $125 pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

   d. Defendant agrees to pay restitution in the total amount of $20,283.56 as follows: $8,491.58 to the Los Angeles County Fire Department Health Hazardous Materials Division, and $11,791.98 to the City of Los Angeles Watershed Protection Division. Such restitution shall be made by certified check or equivalent and delivered to the USAO. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

  17. Pursuant to FRCP 32(c)(1)(A)(ii), the parties request that the Court waive the preparation of a presentence report in this matter. The parties further request that the Court sentence defendant at the time the guilty plea to the Information is entered

  18. In the event that the Court defers acceptance or rejection of this specified sentence plea until it has reviewed the presentence report in this case, pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A), both defendant and the USAO are free to: (a) supplement the facts stipulated to in this Agreement by supplying relevant information to the United States Probation Office and the Court; and (b) correct any and all factual misstatements relating to the calculation of the sentence.

COMMUNITY SERVICE

19. The parties agree that defendant shall pay $150,000 toward community service pursuant to section 8B1.3 of the Sentencing Guidelines and in furtherance of the sentencing principles provided for under 18 U.S.C. § 3553(a). The explicit goal of defendant's required community service is to fund environmental projects, enforcement efforts, and initiatives designed for the enforcement of environmental and public safety regulations, and the benefit, preservation, and restoration of the environment and ecosystems in the Central District of California. These projects and initiatives are to include, but are not limited to, the following: monitoring, studying, restoring, and preserving fish, wildlife, and plant resources; monitoring, studying, cleaning up, remediating, sampling, and analyzing pollution and other threats to the environment and ecosystem; researching, studying, training, planning, repairing, maintaining, educating, and providing public outreach relating to the environment and ecosystem; and enforcing environmental, public safety, and wildlife protection laws. Accordingly, defendant agrees that within 12 months of the date defendant is sentenced, defendant shall pay a total of $150,000 to the National Fish and Wildlife Fund pursuant to instructions to be provided by the USAO.

20. Defendant agrees that because the payments listed above are community service by an organization, it will not seek any reduction in its tax obligations as a result of such community service payment. Defendant further agrees that because these payments shall be made pursuant to this Agreement, it will not characterize, publicize, or refer to the payment as

anything other than a community service payment.

## DEFENDANT'S OBLIGATIONS

21. Defendant agrees that it will:

    a. Plead guilty as set forth in this agreement.

    b. Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c. Not knowingly and willfully fail to: (i) appear for all court appearances; (ii) surrender as ordered for service of sentence; (iii) obey all conditions of any bond; and (iv) obey any other ongoing court order in this matter.

    d. Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e. Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

    g. Pay the applicable fine and restitution at or before the time of sentencing.

## THE USAO'S OBLIGATIONS

22. If defendant complies fully with all of defendant's obligations under this Agreement, the USAO agrees to abide by all sentencing stipulations contained in this Agreement.

///

## BREACH OF AGREEMENT

11

23. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all of its obligations under this agreement.

24. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b. Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against

defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

25. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, fine, or community service, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 16 above. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, fine, or community service, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable sentencing statutes or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of probation imposed by the court, with the exception of the standard conditions set forth in district court General Orders 318 and 01-05.

26. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, fine, or community service, provided that the sentence is that agreed to in paragraph 16 above.

///

## SCOPE OF AGREEMENT

27. This Agreement applies only to crimes committed by defendant. It has no effect on any proceedings against defendant not expressly mentioned herein, and shall not preclude any past, present, or future forfeiture actions or other civil or criminal actions.

28. This Agreement does not prevent the USAO from prosecuting any individual or other organization for any offense, including the offenses charged in the Information.

## COURT NOT A PARTY

29. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.

## NO ADDITIONAL AGREEMENTS

30. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

///

///

This agreement is effective upon signature by defendant and

an Assistant United States Attorney.

AGREED AND ACCEPTED.

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

_____    3-19-10
MARK A. WILLIAMS                  Date
JOSEPH O. JOHNS
Assistant United States Attorneys
Environmental Crimes Section

///

///
    As an authorized representative of defendant HOTELSAB

15

DOWNTOWN EMPLOYEES LLC, I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me or defendant other than those contained in this Agreement. No one has threatened or forced me or defendant in any way to enter into this Agreement. Finally, I am satisfied with the representation provided by defendant's attorney in this matter.

_____         3/15/10
SIGNATURE OF AUTHORIZED REPRESENTATIVE    Date
Name: André Balazs
Title: CEO
AUTHORIZED REPRESENTATIVE
Defendant HOTELSAB DOWNTOWN EMPLOYEES LLC,
doing business as Standard Hotels

I am defendant HOTELSAB DOWNTOWN EMPLOYEES LLC's attorney. I have carefully discussed every part of this Agreement with the authorized representative of defendant whose signature appears above as well as the appropriate officers and directors of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of

16

defendant and its authorized representatives to enter into this Agreement is an informed and voluntary one.

_____
JACK P. DiCANIO
Counsel for Defendant
HOTELSAB DOWNTOWN EMPLOYEES LLC
doing business as Standard Hotels

3.22.10
Date